# In the United States Court of Federal Claims

No. 20-359C
(Filed February 3, 2023)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * *
                               *
BRENDA BRASWELL, et al.,       *
                               *
              Plaintiffs,      *
                               *
      v.                       *
                               *
THE UNITED STATES,             *
                               *
              Defendant.       *
                               *
* * * * * * * * * * * * * * * *
```

## ORDER

On January 30, 2023, the Clerk's office received from Walter Reeves of Atlanta, Georgia, a document entitled "petition to file motion," asking "to be listed as an Interested Party" in this case. Although Mr. Reeves does not reference any rule, it appears that he is attempting to invoke Rule 14 of the Rules of the United States Court of Federal Claims (RCFC). *See* RCFC 14(b). Rule 14 sets the manner and methods by which the Court "on motion or on its own" may formally notify "any person with the legal capacity to sue or to be sued who is alleged to have an interest in the subject matter of the suit." RCFC 14(b)(1). Motions for notice must "state the person's interest in the pending action." RCFC 14(b)(2)(ii).

Because Mr. Reeves is representing himself pro se, he can be forgiven for misunderstanding the purpose of this rule. Rule 14 notice ensures "constitutionally adequate" due process by informing non-parties of "the pendency of the action and the opportunity to join as parties." RCFC 14 cmt. (2002). Motions under the rule are to be brought by a party, either a plaintiff or the United States. *See* RCFC (2)(b)(i)–(ii), 14(b)(4). "Interested parties" within the meaning of this rule are people who may suffer an "alleged preclusive effect on subsequent litigation" or otherwise appear to have a "direct pecuniary interest in the outcome." *Bird v. United States*, 51 Fed. Cl. 536, 538, 541 (2002) (internal quotation omitted). "Interest" should be interpreted broadly and includes, for instance, indemnifiers or those who possessing a partial property interest in the subject matter of the litigation. *See, e.g., Science Applications Int'l Corp. v. United States*, 148 Fed. Cl.

268, 271 (2020); *John R. Sand & Gravel Co. v. United States*, 60 Fed. Cl 272, 273 (2004). But mere "appreciation" of a lawsuit and its theories is not enough.

Mister Reeves is obviously not a party to this case, so the Court will construe his document as a request for the Court to provide notice *sua sponte*. *See* RCFC 14(b)(1). But according to the information in his submission, Mr. Reeves is a mayoral candidate who is involved in labor organizing. Seemingly, he hopes to encourage prison guards and other federal workers to join this putative class action. Nothing in the copious materials that Mr. Reeves has supplied indicates that he is a potential intervenor, owns a property interest at issue, or is at any risk of preclusion. Mister Reeves may be personally concerned about this suit, but he is not legally interested. Therefore, his request for notice as an interested party is **DENIED**. The Clerk is directed not to file Mr. Reeves's document and to mail this order to the address that he provided.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge